**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



Russ Kendig
United States Bankruptcy Judge

**Dated: 02:03 PM September 29, 2017**

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| BRIAR HILL FOODS, LLC, *et al.*, | ) | CASE NO. 17-61892 |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | JUDGE RUSS KENDIG |
| | ) | |
| | ) | |
| | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT FOR PUBLICATION)** |

Now before the court is Debtors' motion under 11 U.S.C. § 543(d) to excuse the state court receiver's duty to turnover property of the estate and to allow the state court receiver to remain in possession and management of the property. Two responses were filed, one by secured creditor The Huntington National Bank ("Huntington") and one by an interested buyer of the estate's assets, Sander Brothers, Inc. ("Sander Bros.") Neither party objected to the relief sought although Sander Bros. requested additional clarification of the receiver's authority.

The court held a hearing on September 26, 2017. Kate Bradley appeared on behalf of Debtors; Christopher Neikamp appeared on behalf of Huntington, Guy Fustine appeared on behalf of Sander Bros., and Tiiara Patton appeared on behalf of the United States Trustee. ("UST")

1

Jurisdiction of this matter is found in 28 U.S.C. § 1334. Jurisdiction was referred to this court by the United States District Court for the Northern District of Ohio in General Order No. 2012-7 under the authority of 28 U.S.C. § 157(a). Pursuant to 11 U.S.C. § 1409, venue in this court is proper. The court has the authority to enter final orders and judgments. The following constitutes the court's findings of fact and conclusions of law in accordance with Bankruptcy Rule 7052.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## FACTS

Few facts are necessary to decide this issue. Debtors operated several grocery stores in multiple counties, as well as a real estate holding company. They borrowed money from Huntington, which took a security interest in nearly all of Debtors' assets. The grocery stores ceased operations months prior to filing. Huntington filed foreclosure actions in five counties and had a receiver appointed in each county. To facilitate the sale of Debtors' assets, Debtors filed a chapter 11 bankruptcy case on August 25, 2017. They are now before the court seeking to excuse the receiver from complying with his turnover obligation under 11 U.S.C. § 543. Debtors seek approval for the receiver to retain the property and operate as a property manager and unretained realtor and they have the support of Huntington, Sanders Bros. and the UST.

## DISCUSSION

The court articulated its insoluble concerns that Debtors' proposal is not sanctioned anywhere in the Bankruptcy Code. As other courts state on similar fact patterns, "the authority under chapter 11 to manage the debtor's assets and affairs lies exclusively with either the debtor as DIP or a chapter 11 trustee." In re Roxwell Performance Drilling, LLC, 2013 WL 6799118 at *4 (Bankr. N.D. Tex. 2013); In re Plantation Inn Partners, 142 B.R. 561 (Bankr. S.D. Ga. 1992). The parties attempt to create a procedure combining state law receivership and chapter 11 reorganization principles under bankruptcy court protection. "Clearly, the Code contemplates that the long-term administration of a Chapter 11 case will be managed by a trustee or debtor-in-possession, not a hybrid created by judicial fiat." In re Plantation Inn Partners, 142 B.R. 561, 564 (Bankr. S.D. Ga. 1992) (citing Collier on Bankruptcy, ¶ 1104.01[e] at 1104-29,30). Functionally, the parties' proposal installs the receiver in a similar position it would have under state law in spite of the Code's clear directive that the court cannot appoint a receiver. 11 U.S.C. § 105(b). Changes have been made around the fringe for the sake of appearance.

While Debtors maintain that Debtors would have decision making authority and would be approving the stalking horse bidder and signing closing sale documents, the proposed order provides that if a dispute arises between Debtors and the receiver, the court decides. That does not ascribe the powers of a debtor in possession to Debtors.

The parties uniformly acknowledged that while § 543(d) does allow a receiver, as a custodian under 11 U.S.C. § 101(11A), to be excused from compliance with the general turnover

2

provisions in § 543(a) – (c), the Code expresses no guidance as to the parameters of a custodian's duties or obligations if excused. In the face of the Code's silence, the parties urge the court to approve a manufactured framework that is acceptable to them. In a support document filed on September 26, 2017, Debtors submitted several orders from other cases that allowed a receiver to continue in his role under the watchful eye of a bankruptcy court. While all of the orders reference § 543, not one addresses the concerns highlighted by this court during the hearing that granting these powers to a person that is not a chapter 11 trustee, not the debtor-in-possession, and not a professional employed under the code by § 327 is beyond the scope of this court's authority.

Over the past decade, the court is mindful of the Supreme Court's rulings that curtail the bankruptcy court's authority. First, there is Stern v. Marshall, 564 U.S. 462 (2011), which found that although a bankruptcy court may have statutory authority to issue final orders on state law claims, it may lack constitutional authority. In Law v. Siegel, the Supreme Court pared the court's equitable powers under § 105(a), referencing its repeated admonishment that "'whatever equitable powers remain in the bankruptcy courts must and can only be exercised within the confines' of the Bankruptcy Code." 134 S.Ct. 1188 at 1194 (2014) (citations omitted).

This court cannot concoct procedures and rules to accommodate a good result, especially when the means circumvent the bankruptcy code. Czyzewski v. Jevic Holding Corp., 137 S.Ct. 973 (2017). The Bankruptcy Code provides that there is a debtor in possession or a trustee. There is no alternative. It is the Bankruptcy Code, not the Bankruptcy Suggestions. What it appears everyone wants is the super release provisions of a bankruptcy sale order without complying with the rest of the code. The court declines the invitation to act in a legislative (and management) capacity.

Debtors have proposed the order attached hereto as Exhibit A. The court is willing to allow something similar for the brief time period through October 27, 2017 as set forth on Exhibit B. There will be no extension of this order. It is anticipated that Debtor will either contract with exSELLit LLC or others and/or seek exSELLit LLC's retention or the retention of its principals or others as is appropriate or take other action.

The motion will be denied in part and granted in part as reflected by an order to be entered immediately.

#  #  #

**<u>Service List:</u>**

Kate M. Bradley
Bridget Aileen Franklin
Marc Merklin
Brouse McDowell
388 S. Main Street, Suite 500
Akron, OH 44311

Tiiara N. A. Patton
United States Department of Justice
Office of the United States Trustee
Howard M. Metzenbaum U.S. Courthouse
201 Superior Avenue East, Suite 441
Cleveland, OH 44114

Christopher J. Niekamp
Wade T. Doerr
301 Nantucket Bldg.
23 S. Main St.
Akron, OH   44308-1822

Guy C. Fustine
120 W. Tenth St.
Erie, PA   16501-1461

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Briar Hill Foods, LLC, *et al.*[1] | ) | Case No. 17-61892 |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Judge Russ Kendig |

## ORDER (I) EXCUSING CUSTODIAN'S COMPLIANCE WITH TURNOVER PROVISIONS OF 11 U.S.C. § 543; (II) AUTHORIZING CUSTODIAN TO REMAIN IN POSSESSION PURSUANT TO 11 U.S.C. § 543(d); AND (III) APPROVING CUSTODIAN COMPENSATION STRUCTURE

Briar Hill Foods, LLC, Bias Realty, Ltd., Jack Coffy, LLC, Thorne Management, Inc., and CPW Properties, Ltd. (each a "Debtor" and collectively, the "Debtors"), the Debtors and debtors-in-possession in the above-captioned Chapter 11 cases, have moved the Court, pursuant to Section 543 of Title 11 of the United States Code (the "Bankruptcy Code"), for the entry of a an order: (i) excusing exSELLit LLC (the "Custodian") compliance with §§ 543(a) and (b); (ii)

---

[1] The Debtors are Briar Hill Foods, LLC, EIN: 34-1382213, case no. 17-61892; Bias Realty, Ltd., EIN: 34-1809039, case no. 17-61893; Jack Coffy, LLC, EIN: 34-1624101, case no. 17-61894; CPW Properties, Ltd., EIN: 34-1809040; case no. 17-61895; and Thorne Management, Inc., EIN: 34-1334543, case no. 17-61896.

# EXHIBIT A

permitting the Custodian to continue to possess, control and manage property currently under the Custodian's control; (iii) authorizing the Custodian to be compensated; (iv) authorizing the Custodian to maintain the Receivership Account; and (v) granting such other and further relief as this Court deems necessary. (the "Motion"). The Court, having reviewed the Motion, finds and concludes that (a) it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding, (c) notice of the Motion was sufficient under the circumstances, and (d) the legal and factual bases set forth in the Motion establish just cause for the relief granted herein, and (e) the relief requested in the Motion is in the best interest of the Debtors, their estates, and their creditors.

**IT IS HEREBY ORDERED THAT:**

1.      The Motion shall be, and hereby is, GRANTED on the terms and conditions set forth herein.

2.      Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Motion.

3.      Pursuant to Section 543(d)(1) of the Bankruptcy Code, the Custodian is excused from complying with the turnover provisions of Section 543(b) of the Bankruptcy Code through and including November 17, 2017.

4.      The Custodian is authorized to remain in possession, control and operation of the Receivership Property under the jurisdiction of this Court and in accordance with the provisions of the Bankruptcy Code through and including November 17, 2017.

5.      The Custodian is further authorized to take  possession, control and operation of the Debtors' real and personal property located at 12300 Columbiana Canfield Road, Alliance,

2

Ohio 44601 (the "Mahoning County Property" and, collectively with the Receivership Property, the "Properties") through an including November 17, 2017.

6. The Custodian is authorized and directed to manage, maintain, and conserve the Properties and to demand, collect and receive rents and profits arising from the Properties. The Custodian is further authorized to negotiate the sale of the Properties and to enter into such contracts and leases as appropriate to facilitate the maintenance, conservation or sale of the Properties.

7. Notwithstanding the anything to contrary in this Order, the Custodian shall consult with the Debtors regarding the sale, management, maintenance, and conservation of the Properties, and to the extent there is a disagreement with respect to the foregoing, the matter shall be resolved by the Court.

8. No provision of the Receivership Orders shall operate to restrain, limit or otherwise affect the Debtors' rights under the Bankruptcy Code and applicable law as debtors-in-possession including, without limitation, their rights under Section 363 of the Bankruptcy Code.

9. The Debtors with the Custodian's assistance shall prepare and file monthly operating reports for each Debtor and shall otherwise comply with the guidelines of the Office of the United States Trustee.

10. As compensation for its services during the chapter 11 cases, the Custodian will receive a commission equal to three percent (3%) of the gross purchase price for any sale of the Properties approved by this Court. In the event that: (i) Huntington's Prepetition Indebtedness (including the Advance and all principal, interest and attorney's fees) is paid in full and (ii) all administrative expense and priority unsecured claims are paid in full, the Custodian shall be entitled to receive an additional commission in an amount equal to six percent (6%) of any pool

3

of funds available for distribution to general unsecured creditors not to exceed $97,500. The Custodian shall keep records of its time in one-half hour increments and shall file a final fee application prior to receiving any compensation. Notwithstanding the provisions of this paragraph 10, the Custodian is not being retained as a professional of the estates and is not subject to the provisions of Section 327 of the Bankruptcy Code.

11.    The Custodian shall provide a bond in the amount of $50,000 as security for the due and proper performance of its duties hereunder.

12.    Any professional retained by the Custodian shall be paid directly by the Custodian and shall not be entitled to receive compensation from the estates.

13.    The Debtors are authorized to use the Receivership Account solely to the extent that the account is modified to reflect each of the Debtors (and not the Custodian) as the holders of the account. In the event that the Receivership Account is not so modified, the Debtors are required to close the Receivership Account and open a single debtor-in-possession account. The Debtors, with the assistance of the Custodian, shall maintain for each Debtor accurate and detailed records of all transfers so that all transactions may be readily ascertained, traced, recorded properly and distinguished between prepetition and post-petition transactions. The Custodian shall be an authorized signatory on the Receivership Account.

14.    The Custodian is directed to provide access to and, as requested, to turnover to the Debtors and their professionals any and all documents, business records, accountings and other reports incidental to the management of the estates. The Custodian is further directed to fully cooperate with the Debtors and their professionals in connection with any proposed sale of the Properties.

4

15. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

16. NOTICE IS HEREBY GIVEN that a further hearing in respect of whether the Custodian's relief from complying with the turnover provisions of Section 543(b) of the Bankruptcy Code shall continue beyond November 17, 2017 is scheduled for November ___, 2017 at _____ ____ (the "Section 543 Hearing"). Any creditor or party in interest who objects to the Custodian's relief from complying with the turnover provisions of Section 543(b) of the Bankruptcy Code shall continue beyond November 17, 2017, shall file and serve a written indication of the same on the Debtors, the Office of the United States Trustee, the Debtors' twenty largest unsecured creditors, as identified on their respective petitions, and the Debtors' secured lenders, no later than three business days before the Section 543 Hearing. Debtors shall serve a copy of this Order upon the Service Parties, which shall constitute adequate and sufficient notice of the Section 543 Hearing for all purposes under applicable law and rules, within one (1) business day after entry of this Order

# # #

5

PREPARED BY:

/s/ Kate M. Bradley
Marc B. Merklin  (0018195)
Kate M. Bradley (0074206)
Bridget A. Franklin (0083987)
Brouse McDowell, LPA
388 S. Main Street, Suite 500
Akron, Ohio 44311
Telephone: (330) 535-5711
Facsimile: (330) 253-8601
mmerklin@brouse.com
kbradley@brouse.com
bfranklin@brouse.com

*Counsel for the Debtors and
Debtors in Possession*

1006673

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

|  |  |
|---|---|
| IN RE: | ) CHAPTER 11 |
| | ) |
| BRIAR HILL FOODS, LLC, *et al.*,1 | ) CASE NO. 17-61892 |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) JUDGE RUSS KENDIG |
| | ) |
| | ) **ORDER DENYING IN PART AND** |
| | ) **GRANTING IN PART DEBTORS'** |
| | ) **MOTION TO (I) EXCUSE** |
| | ) **COMPLIANCE WITH TURNOVER** |
| | ) **PROVISIONS OF 11 U.S.C. § 543; (II)** |
| | ) **AUTHORIZE RECEIVER TO** |
| | ) **REMAIN IN POSSESSION** |
| | ) **PURSUANT TO 11 U.S.C. § 543(d);** |
| | ) **(III) APPROVING RECEIVER** |
| | ) **COMPENSATION; AND (IV)** |
| | ) **AUTHORIZING RECEIVER TO** |
| | ) **MAINTAIN EXISTING** |
| | ) **RECEIVERSHIP ACCOUNT** |

---

1 The Debtors are Briar Hill Foods, LLC, EIN: 34-1382213, case no. 17-61892; Bias Realty, Ltd., EIN: 34-1809039, case no. 17-61893; Jack Coffy, LLC, EIN: 34-1624101, case no. 17-61894; CPW Properties, Ltd., EIN: 34-1809040; case no. 17-61895; and Thorne Management, Inc., EIN: 34-1334543, case no. 17-61896.

# EXHIBIT B

Briar Hill Foods, LLC, Bias Realty, Ltd., Jack Coffy, LLC, Thorne Management, Inc., and CPW Properties, Ltd. (each a "Debtor" and collectively, the "Debtors"), the Debtors and debtors-in-possession in the above-captioned Chapter 11 cases, have moved the Court, pursuant to Section 543 of Title 11 of the United States Code (the "Bankruptcy Code"), for the entry of an order: (i) excusing exSELLit LLC (the "Custodian") compliance with §§ 543(a) and (b); (ii) permitting the Custodian to continue, possess, control and manage property currently under the Custodian's control; (iii) authorizing the Custodian to be compensated; (iv) authorizing the Custodian to maintain the Receivership Account; and (v) granting such other and further relief as this Court deems necessary. (the "Motion"). The Court, having reviewed the Motion, finds and concludes that (a) it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding, (c) notice of the Motion was sufficient under the circumstances, and (d) the legal and factual bases set forth in the Motion establish just case for the relief granted herein, and (e) the relief requested in the Motion is in the best interest of the Debtors, their estates and their creditors.

**IT IS HEREBY ORDERED THAT:**

1. The Motion shall be, and hereby is, GRANTED on the terms and conditions set forth herein.

2. Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Motion.

3. Pursuant to Section 543(d)(1) of the Bankruptcy Code, the Custodian is excused from complying with the turnover provisions of Section 543(b) of the Bankruptcy Code through and including October 27, 2017.

4. The Custodian is authorized to remain in possession, control and operation of the Receivership Property under the jurisdiction of this Court and in accordance with the provisions of the Bankruptcy Code through and including October 27, 2017.

5. The Custodian is further authorized to take possession, control and operation of the Debtors' real and personal property located at 12300 Columbiana Canfield Road, Alliance, Ohio 44601 (the "Mahoning County Property") and collectively with the Receivership Property (the "Properties) through and including October 27, 2017.

6. The Custodian is authorized and directed to manage, maintain and conserve the Properties and to demand, collect and receive rent and profits arising from the Properties.

7. No provision of the Receivership Orders shall operate to restrain, limit or otherwise affect the Debtors' rights under the Bankruptcy Code and applicable law as debtors-in-possession including, without limitation, their rights under Section 363 of the

2

Bankruptcy Code.

8. The Debtors with the Custodian's assistance shall prepare and file monthly operating reports for each Debtor and shall otherwise comply with the guidelines of the Office of the United States Trustee.

9. The Custodian shall provide a bond in the amount of $50,000 as security for the due and proper performance of its duties hereunder.

10. The Debtors are authorized to use the Receivership Account solely to the extent that the account is modified to reflect each of the Debtors (and not the Custodian) as the holders of the account. In the event that the Receivership Account is not so modified, the Debtors are required to close the Receivership Account and open a single debtor-in-possession account. The Debtors, with the assistance of the Custodian, shall maintain for each Debtor accurate and detailed records of all transfers so that all transactions may be readily ascertained, traced, recorded properly and distinguished between prepetition and post-petition transactions. The Custodian shall be an authorized signatory on the Receivership Account.

11. The Custodian is directed to provide access to and, as requested, to turnover to the Debtors and their professionals any and all documents, business records, accountings, and other reports incidental to the management of the estates. The Custodian is further directed to fully cooperate with the Debtors and their professionals in connection with any proposed sale of the Properties.

12. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

13. Nothing herein prevents any person or entity from taking any action pursuant to the Bankruptcy Code, including but not limited to appointment of a trustee, conversion or dismissal.

It is so ordered.

#  #  #

3

**Service List:**

Kate M. Bradley
Bridget Aileen Franklin
Marc Merklin
Brouse McDowell
388 S. Main Street, Suite 500
Akron, OH 44311

Tiiara N. A. Patton
United States Department of Justice
Office of the United States Trustee
Howard M. Metzenbaum U.S. Courthouse
201 Superior Avenue East, Suite 441
Cleveland, OH 44114

Christopher J. Niekamp
Wade T. Doerr
301 Nantucket Bldg.
23 S. Main St.
Akron, OH 44308-1822

Guy C. Fustine
120 W. Tenth St.
Erie, PA 16501-1461

4